UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
BARBARA MURRAY,                                                    Civil Action No.


                             Plaintiff,


       -against-                                                  **COMPLAINT**

NYU LANGONE HOSPITALS, individually and dba
"NYU LANGONE HOSPITAL-BROOKLYN,"
ANDREW TRACEY, individually,
MARIE ELROSE, individually,
PAULA DONALDSON, individually,
THOMAS KEOUGH, individually,                                      Plaintiff Demands a Trial
JOSE HERNANDEZ, individually, and                                 By Jury
NADEGE CHENET, individually,


                             Defendants.
-------------------------------------------------------------------X


       Plaintiff, BARBARA MURRAY (hereinafter referred to as Plaintiff or "MURRAY"), by

her attorneys, DEREK SMITH LAW GROUP, PLLC, as and for her Complaint in this action

against the Defendants, NYU LANGONE HOSPITALS, individually and dba "NYU

LANGONE HOSPITAL-BROOKLYN" (hereinafter referred to as "NYU"), ANDREW

TRACEY (hereinafter referred to as "TRACEY"), individually, MARIE ELROSE (hereinafter

referred to as "ELROSE"), individually, PAULA DONALDSON (hereinafter referred to as

"DONALDSON"), individually, THOMAS KEOUGH (hereinafter referred to as "KEOUGH"),

individually, JOSE HERNANDEZ (hereinafter referred to as "HERNANDEZ"), individually,

and NADEGE CHENET (hereinafter referred to as "CHENET"), individually, (hereinafter

collectively referred to as "Defendants"), respectfully alleges as follows:

## NATURE OF THE CLAIMS

1. Plaintiff brings this action, charging that the Defendants violated Plaintiff's rights pursuant to, *inter alia,* Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) ("Title VII"), and to remedy violations of the New York State Human Rights Law; New York Executive Law, § 290, *et seq.* ("the Executive Law"); and the Administrative Code of the City of New York 8-107 *et seq.* ("NYCHRL"), based upon the supplemental jurisdiction of this Court pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966) and 28 U.S.C. § 1367, seeking declaratory and injunctive relief and damages to redress the injuries that Plaintiff has suffered as a result of, *inter alia*, sex discrimination and race discrimination, together with hostile work environment, sexual harassment, and retaliation by Defendants.

## JURISDICTION AND VENUE

2. Jurisdiction of this action is conferred upon this Court as this case involves a Federal Question under Title VII. The Court also has jurisdiction pursuant 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto.

3. Additionally, this Court has supplemental jurisdiction under the State law causes of action asserted in this action.

4. Plaintiff filed a complaint with The Equal Employment Opportunity Commission on October 10, 2017.

5. Plaintiff received a Notice of Right to Sue letter on December 21, 2017.

6. Plaintiff satisfied all administrative prerequisites and is filing this case within ninety (90) days of receiving the Right to Sue Letter.

7. Venue is proper in this District based upon the fact that the events or omissions which gave rise to the claims asserted herein occurred within the Southern District of New York.

## PARTIES

8. Plaintiff MURRAY is an individual Caucasian female residing in the City, County, and State of New York.

9. At all times material, Defendant NYU is a domestic not-for-profit corporation duly existing by the virtue and laws of the State of New York that does business in the State of New York.

10. At all times material, NYU owns and operates several medical centers in the New York City area.

11. At all times material, Defendant NYU employed Plaintiff as an Operating Room Technician (hereinafter referred to as "O.R. Tech").

12. From 2004 until in or around February 2016, Defendant NYU employed Defendant TRACEY as a Registered Nurse. Defendant TRACEY held a supervisory position at NYU, controlling many tangible aspect of Plaintiff's job duties. Defendant TRACEY is an African-American male.

13. At all times material, Defendant NYU employed Defendant ELROSE as a Nurse Manager. Defendant ELROSE held a supervisory position at NYU, controlling many tangible aspect of Plaintiff's job duties, including holding the power to hire and fire Plaintiff. Defendant ELROSE is a Caucasian female.

14. At all times material, Defendant NYU employed Defendant DONALDSON as an Assistant Vice President. Defendant DONALDSON held a supervisory position at NYU, controlling many tangible aspect of Plaintiff's job duties, including holding the power to hire and fire Plaintiff. Defendant DONALDSON is an African-American female.

15. At all times material, Defendant NYU employed Defendant KEOUGH as a Nurse Manager. Defendant KEOUGH held a supervisory position at NYU. Defendant KEOUGH is a Caucasian male.

16. At all times material, Defendant NYU employed Defendant HERNANDEZ as the Vice President for Surgical Services and Clinical Operations. Defendant HERNANDEZ held a supervisory position at NYU, controlling many tangible aspect of Plaintiff's job duties, including holding the power to hire and fire Plaintiff. Defendant HERNANDEZ is a Hispanic male.

17. At all times material, Defendant NYU employed Defendant CHENET as an O.R. Tech. Defendant CHENET is an African-American female.

18. Upon information and belief, at all times relevant to this Complaint, NYU meets the definition of an "employer" under all applicable state and local statutes.

## FACTUAL ALLEGATIONS

19. In or around July 2003, Plaintiff began working for Defendant NYU in the Endoscopy Department as an O.R. Tech. Her duties included assisting doctors with cases, taking specimens, setting up, handling, and processing equipment, and performing other tasks to complete cases and keep patients safe.

20. From approximately 2004 until Defendant TRACEY left in February 2016, Defendant TRACEY regularly committed egregious acts of sexual assault against Plaintiff by touching,

grabbing, and fondling her buttocks. Defendant TRACEY even grabbed Plaintiff's hand and placed it on his penis, as well as grabbing her vagina while Plaintiff repeatedly pleaded for TRACEY to stop.

21. Throughout this period, Defendant ELROSE repeatedly told Plaintiff that Registered Nurses such as Defendant TRACEY were "in charge" and held supervisory authority over Plaintiff.

22. In or around January 2016, Defendant TRACEY touched Plaintiff's buttocks with his hand. Plaintiff objected to, was distressed by, and was humiliated by this sexually harassing conduct.

23. In or around January 2016, Defendant TRACEY approached Plaintiff from behind, cornering her in a confined space, and straddled Plaintiff's buttocks while pressing his penis against Plaintiff's buttocks. Plaintiff told TRACEY to stop, but he refused to yield and continued.

24. In or around January 2016, after Plaintiff had repeatedly objected to Defendant TRACEY's sexual harassment, TRACEY threatened Plaintiff.

25. On or about February 3, 2016, Defendant TRACEY approached Plaintiff from behind and threatened to assault her. Defendant TRACEY stuck his pelvis out towards Plaintiff and pointed to his genitals, indicating that he would touch Plaintiff with his penis. Defendant TRACEY stated, "I'm going to poke you." Defendant TRACEY informed Plaintiff that he intended to poke her buttocks with his penis in a sexually explicit manner.

26. On or about February 5, 2016, Defendant TRACEY came up behind Plaintiff as she was bending over and again threatened to "poke" her buttocks with his penis. Defendant TRACEY's sexually harassing conduct shocked and distressed Plaintiff.

27. On or about February 8, 2016, Defendants DONALDSON and KEOUGH asked Plaintiff if she had witnessed Defendant TRACEY watching pornography or visiting gun websites while

at work, demonstrating that they already suspected Defendant TRACEY of being involved in inappropriate sexual conduct at work.

28. Defendants subjected Plaintiff to a hostile work environment.

29. On or about February 10, 2016, Plaintiff complained to Defendant DONALDSON about Defendant TRACEY's severe and incessant sexually harassing conduct. Defendant DONALDSON informed Defendant HERNANDEZ of TRACEY's severe and regular sexual assaults.

30. Within minutes, Defendant HERNANDEZ stormed into Defendant DONALDSON's office and began to question Plaintiff in an aggressive and hostile manner. Defendant HERNANDEZ asked, "Andrew [TRACEY] touched your vagina? How? Show me how Andrew touched your vagina." Defendant HERNANDEZ then proceeded to humiliate and degrade Plaintiff by forcing her to stand up, assume the position she was in during the assault, and provide a detailed description with gestures illustrating what happened.

31. Shortly thereafter, Defendant NYU's attorney, LAUREN WEINER, informed Plaintiff that no disciplinary action or further investigation would be taken regarding TRACEY.

32. In addition to the pattern and practice of sex/gender discrimination which Defendant NYU subjected Plaintiff, Defendant NYU also subjected Plaintiff to a hostile work environment on the basis of her race and color.

33. On or about August 31, 2017, Defendant NYU's employee CHENET repeatedly disparaged Plaintiff's race, saying, "I am so glad I am not like white people" while looking at and referring to Plaintiff. CHENET began to make these racially discriminatory comments against Caucasians on a nearly daily basis.

34. On or about September 7, 2017, CHENET entered the same room as Plaintiff and began making racially discriminatory statements, sarcastically asking, "Do you think the white, Italian Trump supporters helped the people of Texas?"

35. On or about September 7, 2017, Plaintiff became so distressed by CHENET's discriminatory comments that she suffered from severe chest pain and fell unconscious. Plaintiff complained of the discriminatory comments to supervisors the same day.

36. From August 2017 until the present, Plaintiff regularly hears her co-worker, CHENET, insult and belittle Caucasians. CHENET regularly asserts that African-American people are better than Caucasian people and states that she is "glad I am not white."

37. Defendants subjected Plaintiff to a hostile work environment on the basis of her race, color, and gender.

38. The above are just some examples of the unlawful discrimination and retaliation to which Defendants subjected Plaintiff.

39. Plaintiff claims a continuous practice of discrimination and claims a continuing violations and makes all claims herein under the continuing violations doctrine.

40. Plaintiff claims that Defendants discrimination against Plaintiff because of her race and gender and because she complained or opposed the unlawful conduct of Defendants related to the above protected classes.

41. As a result of Defendants' unlawful and discriminatory actions, Plaintiff MURRAY has endured unlawful humiliation resulting in extreme emotional distress, severe depression, excessive anxiety, and physical ailments.

42. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

43. As a result of Defendants' unlawful and discriminatory actions, Plaintiff MURRAY has endured irreparable damage to her professional reputation.

44. As a result of the acts and conduct complained of herein, Plaintiff has also suffered pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

45. As Defendants' actions were malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff MURRAY demands punitive damages against Defendants, jointly and severally.

46. Defendants discriminated against Plaintiff because of her sex, race, and color, and because she complained or opposed the unlawful conduct of Defendants related to the above protected classes.

**AS A FIRST CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER TITLE VII**
**(AGAINST DEFENDANT NYU ONLY)**

47. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

48. Title VII states in relevant part as follows:

    (a) Employer practices: It shall be an unlawful employment practice for an employer:

       (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin;

49. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., as amended, for relief based upon the

unlawful employment practices of the above-named NYU. Plaintiff complains of NYU's

violations of Title VII's prohibition against discrimination in employment based, in whole or

in part, upon an employee's sex/gender or race.

50. Defendant NYU engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e

*et seq.*, by subjecting Plaintiff to discrimination on the basis of her sex/gender and race,

together with causing a hostile work environment based on the same.

51. NYU engaged in unlawful employment practices prohibited by 42 U.S.C. 2000e et seq., by

harassing and otherwise discriminating against Plaintiff as set forth herein.

52. NYU violated the above and Plaintiff suffered numerous damages as a result.

## AS A SECOND CAUSE OF ACTION
## FOR RETALIATION UNDER TITLE VII
## (AGAINST DEFENDANT NYU ONLY)

53. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs

of this Complaint.

54. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-3(a) provides that it

shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any

of his employees . . . because she has opposed any practice made an unlawful employment

practice by this subchapter, or because she has made a charge, testified, assisted or

participated in any manner in an investigation, proceeding, or hearing under this subchapter."

55. NYU engaged in unlawful employment practices prohibited by 42 U.S.C. 2000e *et seq.* by

discriminating against Plaintiff with respect to the terms, conditions or privileges of

employment because of his opposition to the unlawful employment practices of Defendants.

56. NYU violated the above and Plaintiff suffered numerous damages as a result.

**AS A THIRD CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER STATE LAW**
**(AGAINST ALL DEFENDANTS)**

57. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

58. New York State Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, [Effective January 19, 2016: familial status,] marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

59. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of her sex/gender and race, as well as creating a hostile work environment.

60. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York State Executive Law Section 296 including sex/gender and race.

61. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A FOURTH CAUSE OF ACTION**
**FOR RETALIATION UNDER STATE LAW**
**(AGAINST ALL DEFENDANTS)**

62. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

63. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or

discriminate against any person because he has opposed any practices forbidden under this article."

64. Defendants engaged in an unlawful discriminatory practice by retaliating and otherwise discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of Plaintiff's opposition to the unlawful practices of Defendants.

65. Plaintiff makes a claim against Defendants under all of the applicable paragraphs of New York State Executive Law Section 296.

66. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A FIFTH CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER STATE LAW**
**(AGAINST ALL DEFENDANTS)**

67. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

68. New York State Executive Law §296(6) further provides that "It shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so."

69. Defendants engaged in an unlawful discriminatory practice by aiding, abetting, compelling and/or coercing the unlawful, discriminatory, and retaliatory conduct as stated herein.

70. Plaintiff makes a claim against Defendants under all of the applicable paragraphs of New York State Executive Law Section 296.

71. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A SIXTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## (AGAINST ALL DEFENDANTS)

72. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

73. The Administrative Code of the Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienate or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

74. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff as set forth herein.

75. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York City Administrative Code Title 8.

76. Defendants violated the above and Plaintiff suffered numerous damages as a result.


## AS A SEVENTH CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## (AGAINST ALL DEFENDANTS)

77. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

78. The New York City Administrative Code Title 8, §8-107(1) (e) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discharge . . . or otherwise

discriminate against any person because such person has opposed any practices forbidden under this chapter. . . "

79. Each of the Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Tide 8, §8-107(1) (e) by discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

80. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York State City Administrative Code Title 8.

81. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS AN EIGHTH CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## (AGAINST ALL DEFENDANTS)

82. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

83. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

84. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling, and coercing the above discriminatory, unlawful, and retaliatory conduct.

85. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York City Administrative Code Title 8.

86. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A NINTH CAUSE OF ACTION FOR DISCRIMINATION**
**UNDER THE NEW YORK CITY ADMINISTRATIVE CODE**
**(AGAINST ALL DEFENDANTS)**

87. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

88. New York City Administrative Code Title 8-107(19) Interference with protected rights states, in relevant part: It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section.

89. Defendants violated the section cited herein as set forth and Plaintiff suffered numerous damages as a result.

**AS A TENTH CAUSE OF ACTION FOR DISCRIMINATION**
**UNDER THE NEW YORK CITY ADMINISTRATIVE CODE**
**(AGAINST ALL DEFENDANTS)**

90. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

91. New York City Administrative Code Title 8-107(13) entitled Employer liability for discriminatory conduct by employee, agent or independent contractor provides:

   a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

b.  An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

i.  The employee or agent exercised managerial or supervisory responsibility; or

ii.  The employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

iii.  The employer should have known of the employee's or agents discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

92.  Defendants violated the section cited herein as set forth and Plaintiff suffered numerous damages as a result.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in an amount which exceeds the jurisdiction of all lower courts for all damages including but not limited to compensatory damages, punitive damages, statutory damages, attorney's fees, costs, interest and all other damages as are just and proper to remedy Defendants' unlawful employment practices.

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues so triable.

Date:   New York, New York

March 21, 2018

Respectfully Submitted,

**DEREK SMITH LAW GROUP, PLLC.**

Attorneys for Plaintiff

BY:   /s/ Ishan Dave
Ishan Dave, Esq.
1 Pennsylvania Plaza, 49th Floor
New York, New York 10119
(212) 587-0760